UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DON TOLMAN | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-404 |
| | ) | |
| DANIEL JACKSON | ) | |
| | ) | |

**O R D E R**

This attorney malpractice/breach of fiduciary duty action is before the Court on the defendant's motion to dismiss for lack of personal jurisdiction. [Doc. 4].

Plaintiff's *pro se* complaint alleges that the defendant is a licensed attorney and resident of the State of Utah. The plaintiff is a citizen and resident of the State of Tennessee. The plaintiff entered into a consulting agreement with Whole Living, Inc., a Nevada corporation. Shortly after entering the agreement, the plaintiff's ex-wife began garnishing the payments he was receiving pursuant to the agreement. In an effort to end the garnishment of his payments, the plaintiff contacted Ron Williams, the President of Whole Living, Inc., who suggested that the plaintiff go to Utah to speak with Mr. Jackson, who was retained as counsel for Whole Living, Inc.

The plaintiff alleges that he did meet with Mr. Jackson in Utah, and that Mr. Jackson advised him as to courses of action that could be taken to circumvent the garnishment. The plaintiff claims that as a result of that advice, he resigned his position with Whole Living, Inc.

Subsequent to his meeting with Mr. Jackson, the plaintiff was sued in United States District Court in Utah, Central Division, alleging that the plaintiff had breached certain provisions of his consulting agreement with Whole Living, Inc., including a non-competition provision. Mr. Jackson was one of the two attorneys of record for Whole Living, Inc., in its action against this plaintiff. It is from Mr. Jackson's representation of Whole Living, Inc. against Mr. Tolman in the Utah civil action that the plaintiff claims the defendant has breached his fiduciary duty to the plaintiff.

The plaintiff seeks to assert jurisdiction over the defendant under the Tennessee long-arm statute which would permit jurisdiction on any basis not inconsistent with the United States Constitution. *See Tenn. Code Ann.* § 20-2-214. In determining if personal jurisdiction exists, unless an evidentiary hearing is conducted, this Court must review the pleadings and affidavits in the light most favorable to the nonmovant. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir.2000). *Pro se* pleadings filed in civil rights cases are liberally construed and

held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F. 2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F. 2d 168, 171 (5th Cir. 1991); Birl v. Estelle, 660 F. 2d 592, 593 (5th Cir. 1981).

The plaintiff has the burden of establishing a *prima facie* showing of personal jurisdiction over the defendant. *Theunissen v. Matthews*, 935 F. 2d 1454, 1458 (6th Cir. 1991). Personal jurisdiction may be shown in either of two forms: "general" or "specific." *Bird v. Parsons*, 289 F. 3d 865, 873 (6th Cir. 2002); *Int'l Shoe v State of Washington, Office of Unemployment Compensation In Placement*, 326 U.S. 310, 319 (1945). General jurisdiction exists when the defendant's "contacts with a forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Bird* at 873. The plaintiff has made no allegations which would support a finding of continuous and systematic contact with Tennessee by Mr. Jackson.

Specific jurisdiction exists where the defendant's contacts with the

3

forum state are specifically related to the case at hand. The Supreme Court describes specific personal jurisdiction as requiring "fair warning," that is, the requirement that the defendant has "purposefully directed" his activities at residents of the forum. *Burger King, Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). In *Southern Machine, Co. v. Mohasco Industries, Inc.*, 401 F. 2 374, 381 (6th Cir. 1968), the Sixth Circuit set forth a three-part test for determining whether specific jurisdiction exists:

> First, the defendant must purposefully avail himself with the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

After applying this three-part test, the Court concludes that the plaintiff has failed to make a *prima facie* showing of personal jurisdiction over this defendant. Plaintiff has failed to establish that the defendant has done anything to avail himself the privilege of acting in the State of Tennessee or with causing any consequence in Tennessee. Secondly, the cause of action does not arise from any of the defendant's activities in Tennessee, but rather is based on advice rendered in the State of Utah, and upon a lawsuit filed in the State of Utah. Finally, the only

4

contacts which the plaintiff alleges that the defendant had with the State of Tennessee, hiring a private investigator in Tennessee to investigate the plaintiff's business, and effectuating service of process on the defendant and others in the State of Tennessee for the Utah lawsuit, do not create a substantial connection with Tennessee such as to make the exercise of jurisdiction over this defendant reasonable.[1]

For the foregoing reasons, the defendant's motion to dismiss is **GRANTED**.  [Doc. 4].

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

[1] The Court recognizes that the defendant disputes that he had any involvement in effectuating service of process in Tennessee, or in hiring the investigator in the State of Tennessee.  Nevertheless, even were those allegations true, the Court does not find that such would create a substantial enough connection with the forum state as to create personal jurisdiction.  To find otherwise would create the untenable situation where any attorney obtaining service of process on an out of state resident exposes himself to suit in that state with which he has had no other contact.